IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RON FELDPAUSCH, #S04415,<br><br>        Plaintiff,<br><br>v.<br><br>MADISON CO. JAIL,<br>VAL BASSATT,<br>DAVE BREACHER,<br>THE PEOPLE OF THE STATE OF ILLINOIS,<br>MADISON CO.,<br><br>        Defendants. | Case No. 22-cv-03086-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Ron Feldpausch, currently in custody at Graham Correctional Center, filed this pro se civil action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred while he was at Madison County Jail. The Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on March 13, 2022, around 4:00 p.m., he started feeling unwell. Around 6:00 p.m., Officer Doughty took him to the nurse station where it was determined that his

blood pressure was very high. He was instructed to fill out a "sick call," which he did. The next morning, Plaintiff returned to the nurse station, he was seen by Val Bassatt. His blood pressure was taken, and the reading was again very high, 188/106. Bassatt acted as though the high blood pressure level was a joke and asked Plaintiff if he had received bad news or a bad phone call. Plaintiff was told to go back to his cell and drink water. Plaintiff returned to his cell and around 1:00 p.m., he was still not feeling better. Plaintiff then had Sergeant Richett take him back to the nurse station. Plaintiff's blood pressure was taken, and it was still high. Plaintiff was given a pink pill and put in the visitor's booth. An hour later, Plaintiff was transported to the Granite City emergency room.

After being admitted to the hospital, Plaintiff was given a medical furlough paper. He was instructed to return to Madison County Jail upon his release from the hospital. The following day, March 15, Plaintiff was released from the hospital and returned to Madison County Jail. At the jail, Plaintiff was denied the treatment recommendations given to him by the doctors at the hospital, including certain medications and a low sodium diet. The hospital also recommended for Plaintiff to see a neurologist, which was not scheduled.

Based on the allegations summarized above, the Court designates the following counts in this pro se action:

**Count 1:**   Fourteenth Amendment claim against Defendants for failing to treat Plaintiff's high blood pressure from March 13-14, 2022.

**Count 2:**   Fourteenth Amendment Claim against Defendants for failing to treat Plaintiff's high blood pressure with the medical treatment plan recommended by the doctors at the Granite City hospital.

**Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007).

### MADISON COUNTY JAIL

Before addressing Plaintiff's individual claims, the Court dismisses Defendant Madison County Jail. A jail is not a proper defendant in a Section 1983 suit. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). A defendant named in a lawsuit must have legal capacity to be sued. *See* FED. R. CIV. P. 17(b). When determining whether an entity has the legal capacity to be sued, federal courts look to state law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. 1992). The county jail is not considered a suable entity under Illinois law. *Isaacs v. St. Clair Cnty. Jail*, No. 08-cv-417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. HCP*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Accordingly, the Madison County Jail is dismissed with prejudice.

### DISCUSSION

The proper analytical framework for Plaintiff's claim of a constitutional deprivation depends on his status as a pretrial detainee or convicted person at the time of his injury. Based on the Complaint, the Court assumes that Plaintiff was a pretrial detainee at the time of the incidents alleged. Thus, his claim is governed by the Fourteenth Amendment objective unreasonableness standard. *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). A Fourteenth Amendment due process claim for the denial of medical care requires a detainee to allege that each defendant acted purposefully, knowingly, or perhaps even recklessly in connection with a plaintiff's medical treatment, and the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018).

### Count 1

The Court first notes that the only defendant mentioned in the statement of claim in connection with Plaintiff's medical care prior to being taken to the emergency room on March 14,

2022, is Val Bassatt. Thus, Count 1 is dismissed as to the other defendants.

As for Val Bassatt, Plaintiff claims that she took his blood pressure and saw that it was high, 188/106. She made a joke about his high blood pressure, suggested that he drink water, and told him he would be okay. Given that Plaintiff's blood pressure readings were described by a medical provider at the hospital as "at stroke levels," the Court finds that Bassatt's conduct suggests that she acted objectively unreasonable towards his medical condition, satisfying the Fourteenth Amendment standard. Count 1 will proceed against Bassatt.

### Count 2

To state a constitutional claim, Plaintiff must set forth allegations demonstrating each defendant's personal involvement in a constitutional deprivation. *West v. Atkins,* 487 U.S. 42 (1988). The claim that Plaintiff was denied medical treatment recommended by the hospital after he returned to Madison County Jail is not associated with any named defendant and therefore is dismissed without prejudice.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

In an attempt to recruit counsel on his own, Plaintiff names two firms he has contacted. This information is not sufficient for the Court to determine he has made reasonable efforts to locate counsel to represent him prior to seeking assistance from the Court. In addition, the Court finds that Plaintiff is capable of representing himself at this time. The Complaint has survived

screening, and Plaintiff's single claim against one defendant is straightforward. Given the early stage of litigation, and his ability to file motions and correspond with the Court, the motion for recruitment of counsel is denied. (Doc. 3). Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

In light of this Order, the motions for status are denied as moot. (Doc. 10, 11, 12).

### DISPOSITION

For the reasons state above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Defendant Val Bassatt and is **DISMISSED WITHOUT PREJUDICE** as to all other defendants. Count 2 is **DISMISSED without prejudice**.

Defendant Madison Co Jail is **DISMISSED with prejudice,** and Defendants Breacher, the People of the State of Illinois, and Madison Co are **DISMISSED without prejudice.** The Clerk of Court is **DIRECTED** to **TERMINATE** them as parties.

As this case involves issues concerning Plaintiff's medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The motion for recruitment of counsel is **DENIED**. (Doc. 3). The motions for status are **DENIED as moot.** (Doc. 10, 11, 12).

The Clerk of Court shall prepare for Bassat the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only needs to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 6, 2023**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*s/Stephen P. McGlynn*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**STEPHEN P. MCGLYNN**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.