## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RON FELDPAUSCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-03086-GCS |
| | ) | |
| VALERIE BASSETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On October 4, 2024, the undersigned referred this case to the Mandatory Mediation Program as provided in Section 2.1(A)(2) n.1 of the Court's Mandatory Mediation Plan. (Doc. 44); *see also* Admin. Order No. 301 (Oct. 8, 2021). Court Attorney and ADR Coordinator Megan Arvola was appointed as Mediator in this matter. (Doc. 44, p. 1-2). The parties were provided with 14 days from the date of the referral order to file a "Motion to Opt Out of Mandatory Mediation." *Id.* at p. 2. Neither Plaintiff nor Defendant filed a Motion to Opt out of Mandatory Mediation within the 14-day deadline.

On November 12, 2024, Ms. Arvola filed a Notice of Mediation, stating that a Mediation Session had been set for January 14, 2025, at 9:30 am in the East St. Louis Courthouse in Magistrate Judge Beatty's courtroom. (Doc. 46). She also noted that "a virtual meeting link will be sent to virtual participants via email." *Id.*

Page **1** of **5**

On January 14, 2025, Ms. Arvola filed a Report of Mandatory Mediation notifying the Court that Plaintiff Ron Feldpausch failed to attend the scheduled mediation session. (Doc. 49, p. 2). Accordingly, Ms. Arvola ended the scheduled mediation session at 9:50 am. *Id*. On January 16, 2025, the Court issued a Show Cause Order directing Plaintiff to explain in writing on or before February 5, 2025, why the case should not be dismissed for failure to prosecute. (Doc. 50).

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id*. (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

Plaintiff failed to participate in the January 14, 2025, mediation conference, (Doc. 49), and Plaintiff has not responded to the Court's January 16, 2025, Show Cause Order. (Doc. 50). The Court has more than 140 cases on its docket, and if the Court permits this

case to drag on further waiting for Plaintiff to respond, it will detrimentally impact the efficient and timely handling of its other cases. Accordingly, the Court **DISMISSES with prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court informs Plaintiff as follows. Plaintiff has two means of contesting this order: he may either request this Court review this order, or he may appeal the order to the Seventh Circuit Court of Appeals.

If Plaintiff chooses to request this Court to review the order, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must* file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot* be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (stating that a party must establish either manifest error of law or fact, or that newly discovered evidence precluded entry of judgment in order to prevail on a Rule 59(e) motion) (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be tolled. *See* FED. R. APP. PROC. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP. PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not toll the time for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–820 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal from the entry of judgment or order appealed from *within 30 days. See* FED. R. APP. PROC. 4(a)(1)(A) (emphasis added). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State University*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court. *See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP. PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a

motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1).

The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R.

APP. PROC. 24(a)(1)(C).

      **IT IS SO ORDERED**.

      **DATED: March 5, 2025.**

Digitally signed by
Judge Sison
Date: 2025.03.05
14:56:53 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**